IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENISE MINTON,<br><br>Plaintiff,<br><br>v.<br><br>SENIOR LIFESTYLES and<br>SL MG CLEN-MOORE MANAGER, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 25-743 |

**MEMORANDUM OPINION**

Plaintiff Denise Minton brings this action against her former employers, Defendants Senior Lifestyles and SL MG Clen-Moore Manager LLC, alleging claims of discrimination based on race and age, as well as hostile work environment and retaliation claims. (Docket Nos. 1, 6). Presently before the Court is Defendants' Motion to Dismiss ("Motion"). (Docket No. 13). In their Motion and brief in support, Defendants urge the Court to dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Alternatively, Defendants request that the Court order Plaintiff to produce a more definite statement pursuant to Rule 12(e) or that the Court strike certain statements in the Amended Complaint pursuant to Rule 12(f). (Docket Nos. 13, 14). Plaintiff has filed a brief in opposition to Defendants' Motion (Docket No. 17). After careful consideration of the parties' arguments and for the following reasons, Defendants' Motion will be granted and Plaintiff's claims will be dismissed pursuant to Rule 12(b)(6).

## I. BACKGROUND

Plaintiff's Amended Complaint is a seven-page document that sparsely lays out the parties, jurisdiction and venue, a statement of facts, claims for relief, and a prayer for relief, as

well as a jury demand. (Docket No. 6). As set forth in the Amended Complaint, in March 2024, Plaintiff had been working at Senior Lifestyles for approximately 1 year when she reprimanded an employee, Bria Brooks, for sleeping on the job. (*Id.* ¶ 8). Plaintiff alleges that "shortly after this incident, [she] was terminated by [her] black manager from her employment with the Defendant." (*Id.*). Plaintiff, a white female over the age of 40, asserts that this action constituted race discrimination, retaliation, and a hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, as well as age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 631. (*Id.* ¶¶ 11–47). Consequently, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and received her Right to Sue letter on March 3, 2025. (*Id.* ¶¶ 9–10). Plaintiff filed her Complaint in this action on June 2, 2025, and she filed an Amended Complaint on August 5, 2025. (Docket Nos. 1, 6). As noted above, on October 6, 2025, Defendants filed their Motion seeking to dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), or alternatively, that the Court order Plaintiff to produce a more definite statement pursuant to Rule 12(e), or that the Court strike certain statements pursuant to Rule 12(f). (Docket Nos. 13, 14). Plaintiff filed a brief opposing Defendants' Motion on November 15, 2025. (Docket No. 17). The matter is now ripe for decision.

## II. STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion to dismiss, the factual allegations contained in the complaint must be accepted as true and must be construed in the light most favorable to the plaintiff, and the court must "'determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d

Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007).

While Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," the complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Phillips*, 515 F.3d at 231 (quoting *Twombly*, 550 U.S. at 555 (internal citation and quotation marks omitted)). Moreover, while "this standard does not require 'detailed factual allegations,'" Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

It should be further noted, therefore, that in order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Supreme Court has noted that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The standard "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.'" *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556). Moreover, the requirement that a court accept as true all factual allegations does not extend to legal conclusions; accordingly, a court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555 (internal citation and quotation marks omitted)).

To review a complaint under this standard, the Court proceeds in three steps. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). First, the Court identifies the elements of a claim. *See id.* (citing *Iqbal*, 556 U.S. at 675). Second, the Court eliminates conclusory allegations. *See id.* (citing *Iqbal*, 556 U.S. at 679). And finally, the Court assumes the remaining well-pleaded facts are true and assesses "'whether they plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). This "plausibility" determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## III. DISCUSSION

### A. Race Discrimination Under Title VII

Under Title VII, employers are prohibited from discriminating against their employees on the basis of race. *See* 42 U.S.C. § 2000e–2(a)(1). A plaintiff may establish a triable claim of race discrimination by presenting either direct evidence of discriminatory motive or circumstantial evidence. *See Maxfield v. Sinclair Int'l*, 766 F.2d 788, 791 (3d Cir. 1985).[1]

In the absence of direct evidence of race discrimination, which Plaintiff does not appear to allege here, a plaintiff may establish a case of race discrimination circumstantially using the burden-shifting analysis set forth by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). A *prima facie* case of race discrimination consists of the following elements: that plaintiff (1) belongs to a protected class; (2) was qualified for the

[1] The principle underlying race discrimination extends to circumstances of "reverse discrimination," where the alleged perpetrator of the discriminatory act is a member of a minority group, and the alleged victim of the discriminatory act is a member of the majority group. *Iadimarco v. Runyon*, 190 F.3d 151, 157 (3d. Cir. 1999). Recently, in *Ames v. Ohio Department of Youth Services,* the Supreme Court ruled that employees in "reverse discrimination" lawsuits did not need to meet a higher burden of proof than minority plaintiffs. 605 U.S. 303 (2025). This has been the law in the Third Circuit since *Iadimarco.* 190 F.3d at 161 ("[A]ll that should be required to establish a prima facie case in the context of 'reverse discrimination' is for the plaintiff to present sufficient evidence to allow a fact finder to conclude that the employer is treating some people less favorably than others based upon a trait that is protected under Title VII.") Accordingly, due to the interchangeable nature of such discrimination claims, this Court will refer to Plaintiff's claim under the broader umbrella of "race discrimination."

position at issue; (3) was subject to an adverse employment action despite being qualified; and (4) the action occurred under circumstances that raise an inference of discriminatory action, such as by showing that similarly situated employees who are not members of the same protected class were treated more favorably under similar circumstances. *See Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003) (citing *McDonnell Douglas*, 411 U.S. at 802, and *Pivirotto v. Innovative Sys., Inc.*, 191 F.3d 344, 348 n.1, 352, 356 (3d Cir. 1999)); *Mitchell v. City of Pittsburgh*, 995 F. Supp. 2d 420, 430 (W.D. Pa. 2014).

To prove a prima facie case of discrimination, a plaintiff must establish that a defendant treated her less favorably than others based on her race. *See Iadimarco,* 190 F.3d at 161. Once she makes this showing, the burden shifts back to the defendant to provide a legitimate, non-discriminatory reason for its actions. *See Hawthorne v. Mercer Cnty. Child. & Youth Servs.*, No. CA 05-1635, 2007 WL 2254565, at *4 (W.D. Pa. Aug. 6, 2007) (quoting *Iadimarco*, 190 F.3d at 157). If the defendant can demonstrate that its actions toward the plaintiff were based on non-discriminatory reasons, the burden then shifts back to the plaintiff to demonstrate that these non-discriminatory reasons were pretextual. *See id.* (quoting *Iadimarco*, 190 F.3d at 166).

In order to defeat a motion to dismiss a race discrimination claim, it is sufficient to allege a *prima facie* case under *McDonnell Douglas*, but it is not necessary to do so. *See Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021). Therefore, a plaintiff's complaint "need only allege enough facts to 'raise a reasonable expectation that discovery will reveal evidence of [each] necessary element.'" *Id.* (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009)). For example, in *Depelligrin v. A & L Motor Sales, LLC,* a fellow member of this Court found that the plaintiff's race discrimination claim could survive a motion to dismiss because the plaintiff was a "male who was fired by A & L Motors' female office manager" despite his "good

customer relationship skills," the fact that he had "never suffered an accident," and that he had "received customer-appreciation letters." No. 2:11-CV-01579, 2012 WL 3073182 at *4 (W.D. Pa. July 27, 2012). Additionally, the plaintiff in that case asserted that "his direct manager … assured [plaintiff] that he had not committed any wrong that would warrant his termination," and offered to provide him with a good reference. *Id.* Nevertheless, the plaintiff alleged that the "female office manager at this time[] fired [the plaintiff] with the 'sole purpose' of placing a less qualified, younger, female employee in his driver position" who "was less qualified to perform the work of a driver because her prior work … consisted of car washing and secretarial duties, neither of which relate to the skills necessary for the driver position." (*Id.* at *1, 4).

Here, unlike in *Depelligrin*, Plaintiff's threadbare and conclusory statements cannot survive a motion to dismiss for race discrimination under Title VII. Plaintiff alleges that she is in a protected class as a white female. (Docket No. 6 ¶ 15). She also alleges that she was qualified for the position at issue by working "for the company for approximately 1 year." (*Id.* ¶ 16). She further asserts that a "similarly situated employee of a different race [was] treated better than" she was. (*Id.* ¶ 19). However, this allegation merely a recites a legal conclusion couched as a factual allegation, but without any such facts. *See Iqbal*, 556 U.S. at 678. Plaintiff fails to raise a plausible inference of discrimination through the course of these events, such as by identifying "similarly situated employees who are not members of the same protected class [that] were treated more favorably under similar circumstances." *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003). Indeed, Plaintiff's allegations neither make out the elements of a *prima facie* case of race discrimination under *McDonnell Douglas*, nor do they aver enough facts to raise a reasonable expectation that discovery would reveal evidence of such elements. Therefore, when reviewing the facts alleged in Plaintiff's Amended Complaint under Rule 8 and relevant

precedent, while taking such facts as true and resolving all doubts in her favor, Plaintiff plainly fails to set forth a plausible claim of race discrimination under Title VII. *See, e.g., Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-CV-16359, 2019 WL 5212964, at *3 (D.N.J. Oct. 16, 2019) ("Plaintiffs' [Amended] [C]omplaint lacks any facts to explain the who, what, where, when and why of plaintiff's dissatisfaction[,] and therefore wholly fails to comply with *Twombly/Iqbal* and Federal Rule of Civil Procedure 8(a)." (internal quotation marks and citation omitted)).

Accordingly, Plaintiff's claim of race discrimination under Title VII will be dismissed without prejudice to amendment with sufficient facts to state a claim upon which relief can be granted.

**B. <u>Retaliation Under Title VII</u>**

Title VII also "'make[s] it unlawful for an employer to retaliate against an employee for either opposing any practice made unlawful by [Title VII's] respective provisions or for participating in any manner in an investigation, proceeding, or hearing under [Title VII's] respective provisions.'" *Griffiths v. Nielsen*, No. 15-2586, 2018 WL 1469051, at *12 (D.N.J. Mar. 23, 2018) (quoting *Daniels v. School Dist. of Phila.*, 776 F.3d 181, 192 (3d Cir. 2015)); 42 U.S.C. § 2000e-3(a). To establish a *prima facie* case of retaliation under Title VII, a plaintiff must first show that: 1) she engaged in protected activity; 2) she was subject to an adverse employment action subsequent to or contemporaneous with such protected activity; and 3) a causal connection exists between such protected activity and the adverse employment action. *See Moore v. City of Phila.*, 461 F.3d 331, 341–42 (3d Cir. 2006). A protected activity is an employee's opposition to discrimination based on a protected category such as age or race, ranging from a "filing of formal charges of discrimination against an employer" to "informal

protests of discriminatory employment practices, including making complaints to management." *Daniels,* 776 F.3d at 193 (internal quotation marks omitted).

Here, Plaintiff does not aver facts that she engaged in protected activity or that she experienced an adverse action as a result of engaging in protected activity. Nor do her averments raise a reasonable expectation that discovery will reveal evidence of such. Plaintiff cannot plausibly claim that reprimanding an employee for sleeping on the job constitutes protected activity under Title VII. Additionally, no reasonable inferences may be drawn from her averments that Plaintiff engaged in any protected activity, such as by pursuing formal proceedings under Title VII, or through less formal opposition to any discrimination that is made unlawful by Title VII. The allegations in the Amended Complaint also do not suggest that Plaintiff suffered an adverse action because of any such protected activity. Therefore, the Court finds that Plaintiff has failed to state a plausible claim of retaliation under Title VII.

Accordingly, Plaintiff's claim of retaliation will be dismissed without prejudice to amendment with facts to state a claim upon which relief can be granted.

### C. <u>Hostile Work Environment Under Title VII</u>

To establish a prima facie hostile work environment claim under Title VII, a plaintiff must show that she "1) suffered intentional discrimination because of his/her [protected status], 2) the discrimination was severe or pervasive, 3) the discrimination detrimentally affected the plaintiff, 4) the discrimination would detrimentally affect a reasonable person in like circumstances, and 5) the existence of *respondeat superior* liability." *Castleberry v. STI Grp.*, 863 F.3d 259, 263 (3d Cir. 2017) (quoting *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013)). Hostile work environment claims in violation of Title VII only survive a motion to dismiss "[w]hen the workplace is permeated with discriminatory intimidation, ridicule,

and insult … that is sufficiently severe or pervasive to … create an abusive working environment." *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21 (1993) (internal citations and quotation marks omitted); *Oncale v. Sundowner Offshore Services, Inc.,* 523 U.S. 75, 80–81 (1998) (noting that Title VII is not "a general civility code for the American workplace."). Unless they are "extremely serious," isolated incidents alleged as a hostile work environment claim will not survive a motion to dismiss. *Carroll v. Guardant Health, Inc.*, 511 F. Supp. 3d 623, 649 (E.D. Pa. 2021). Instead, conduct "must be extreme to amount to a change in the terms and conditions of employment." *Mufti v. Aarsand & Co.*, 667 F. Supp. 2d 535, 545 (W.D. Pa. 2009) (internal quotation marks omitted).

Upon consideration of these standards, the Court finds that Plaintiff's allegations here do not rise to the level of a hostile work environment. Plaintiff says that she was subject to "severe or pervasive" harassment that commenced after "she wrote up the employee for sleeping," but she does not allege what this harassment was comprised of or that this harassment was intentionally discriminatory based on a protected category. (Docket No. 6 ¶ 44–45). Further, Plaintiff does not allege any facts that would establish a plausible inference that the work environment was "permeated with discriminatory intimidation, ridicule, and insult." *Amati v. U.S. Steel Corp.*, No. 04-1442, 2007 WL 3256850 at *16 (W.D. Pa. Nov. 2, 2007) (internal quotation marks omitted). Therefore, Plaintiff's hostile work environment claim cannot stand as currently pled.

Accordingly, Plaintiff's hostile work environment claim will be dismissed without prejudice to amendment with facts to state a claim upon which relief can be granted.

**D. <u>Age Discrimination Under the ADEA</u>**

Under the ADEA, an employer is prohibited from discriminating against its employees because of their age. *See Molisee v. Securitas Sec. Servs., USA, Inc.,* Civ. Action No. 11–1056, 2012 WL 13698, *5 (W.D. Pa. Jan. 4, 2012). Similar to race discrimination claims under Title VII, a plaintiff may establish a triable claim of age discrimination under the ADEA by presenting either direct evidence of discriminatory motive or circumstantial evidence. *See Maxfield v. Sinclair Int'l*, 766 F.2d at 791. Here, Plaintiff has not alleged direct evidence of age discrimination so, as with claims under Title VII, her age discrimination claim brought pursuant to the ADEA is subject to the *McDonnell Douglas* burden-shifting framework. *See Smith v. City of Allentown*, 589 F.3d 684, 691 (3d Cir. 2009) (reaffirming the use of the *McDonnell Douglas* analysis in ADEA cases that involve indirect evidence).

The elements of a *prima facie* case under the ADEA are that the employee: (1) is 40 years of age or older, (2) suffered an adverse employment action, (3) was qualified for the position at issue, and (4) was treated less favorably than a sufficiently younger person under circumstances that give rise to an inference of age discrimination. *See Keller v. Orix Credit Alliance, Inc.,* 130 F.3d 1101, 1108 (3d Cir. 1997) (citing *Sempier v. Johnson & Higgins,* 45 F.3d 724, 728 (3d Cir.1995)); *McGinnis v. Donahoe*, No. 2:12–cv–01880, 2015 WL 507043, at *7 (W.D. Pa. Feb. 6, 2015). The *McDonnell Douglas* framework does not mandate that a plaintiff *prove* a *prima facie* case of age discrimination in order to survive a motion to dismiss, as it does not mandate such for cases of race discrimination under Title VII. *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 510–11 (2002). However, similar to her Title VII claim, Plaintiff must allege enough facts to plausibly establish an age discrimination claim, or at least raise a reasonable expectation that discovery will reveal evidence of the necessary elements of her age discrimination claim. Upon review of the threadbare allegations in the Amended Complaint,

however, the Court finds that Plaintiff has failed to do so here. While Plaintiff does allege that she is over 40 years old, she does not include allegations that she was subject to an adverse employment action under circumstances that give rise to an inference of age discrimination. Plaintiff merely makes the conclusory allegation that she "was replaced by a substantially younger person *or* treated less favorably than similarly situated younger employees." (Docket No. 6 ¶ 39) (emphasis added). Therefore, Plaintiff has failed to state a plausible claim of age discrimination under the ADEA.

Accordingly, Plaintiff's claim of age discrimination under the ADEA will be dismissed without prejudice to amendment with sufficient facts to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the reasons stated, Defendants' Motion to Dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) is granted. Accordingly, Plaintiff's claims against Defendants, brought pursuant to Title VII and the ADEA, are dismissed without prejudice to amendment with sufficient facts to state a claim upon which relief can be granted. If Plaintiff declines to amend her Amended Complaint in accordance with the Court's Order filed herewith, her Amended Complaint in its entirety will be dismissed with prejudice.

An appropriate Order follows.

Dated: September 10, 2026

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record